UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLAY MASSI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-cv-425 |
| | ) | (GUYTON) |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 11].

This civil action is before the Court on *pro se* plaintiff Clay Massi's Motion for New Trial [Doc. 86]. The case was tried before a jury from November 28, 2006 to November 30, 2006, with the jury returning a verdict in favor of plaintiff [Doc. 76], with the Court entering judgment against defendant Walgreen Company ("Walgreen") on November 30, 2006 [Doc. 77]. Plaintiff has moved, pursuant to Fed.R.Civ.P. 60 for a new trial alleging Walgreen engaged in a concerted effort to perpetrate fraud upon the Court. Walgreen filed a response [Doc. 88]. Plaintiff filed a reply to Walgreen's response [Doc. 94], as well as supplemental information [Docs. 95; 97; and 98]. On April 4, 2008, this Court entered a Memorandum and Order advising the parties it considered the matter ripe for adjudication and would not entertain any subsequent filings [See Doc. 101]. Accordingly, plaintiff's pending motion is addressed herein, a hearing being unnecessary for its disposition.

## I. Position of the Parties

Mr. Massi alleges that Walgreen initiated a scheme of fraud upon the Court by creating and presenting fraudulent documents, labels, and exhibits during the November 2006 trial in this matter.[1] Mr. Massi further alleges Walgreen committed fraud by: (1) having Davonna Foley, a Walgreen pharmacist, falsely claim that he never returned his incorrectly filled prescription bottle; and (2) withholding or destroying the incorrectly filled prescription bottle that he requested in an interrogatory. [Doc. 86]. Mr. Massi claims the fraud committed by Walgreen denied him his right to present his case to the jury and diminished the verdict the jury reached against Walgreen. Mr. Massi also attached an affidavit in support of his motion [Doc. 87].

In response, Walgreen argues Mr. Massi's case was tried before this Court on November 29, 2006 through November 30, 2006; that all the allegations in Mr. Massi's motion which relate to his cause of action were fully litigated at trial; that the jury returned a verdict in favor of Mr. Massi and assessed the comparative fault of Mr. Massi and Walgreen; that the Court, based upon the verdict, entered judgment for Mr. Massi; and that the judgment has been satisfied and the case was closed. In regard to Mr. Massi's allegations of fraud, Walgreen denies the allegations and submits affidavits from James W. Harrison, counsel for Walgreen in case no. 3:05-cv-425, *Clay Massi v. Walgreen Co.*, [Doc. 88-2]; Robert Richesin, staff pharmacist for Walgreen [Doc. 88-5]; Davonna Foley, staff pharmacist for Walgreen [Doc. 88-3]; Scott Leslie, District Pharmacy Supervisor for Walgreen

---

[1]Mr. Massi claims Walgreen fraudulently created documents and presented them during trial to support the claim that his incorrectly filled prescription bottle had the pill size, pill marking, and pill color of the prescribed drug Ritalin on the bottle label. He further claims Walgreen presented fraudulent photographs to the Court to prove the Adderall pill he received was significantly different in size and shape from his normally prescribed Ritalin pill. [See Doc. 86 at 5-6].

[Doc. 88-4]; and Jill Bosch, Supervisor of Custodian of Records for Walgreen [Doc. 88-6]. In regard to Mr. Massi's assertions that Walgreen fraudulently presented the Court with two photographs that were misrepresentations, Walgreen relies on its response to Mr. Massi's Motion to Disqualify Walgreen's Attorney [Doc. 15] in 3:07-cv-346. Finally, Walgreen argues the evidence Mr. Massi currently argues is fraudulent was presented at trial, at which time, Mr. Massi had sufficient opportunity to contest it.

Mr. Massi filed a reply to Walgreen's response [Doc. 94]. In his reply, Mr. Massi contends Walgreen committed further fraud against the Court in responding to his motion for a new trial. Mr. Massi argues Walgreen committed fraud in their response by attempting "to prove the false and fraudulent materials used" during trial were actually factual [Doc. 94 at 2]. Mr. Massi contends Walgreen filed false affidavits and made fraudulent claims and false statements in support of their response. Mr. Massi also attached an affidavit to his response [Doc. 94-2] as well as various exhibits alleging his injuries [Doc. 94-3]; alleging that he returned his incorrectly filled prescription bottle to Walgreen [Doc. 94-4]; and alleging that the labels and photographs introduced into evidence during trial were fraudulent [Doc. 94-5 and 94-6].

**I.     Relevant Facts**

On November 30, 2006, a jury rendered a verdict in this matter in favor of Mr. Massi for $25,000, reduced by his percentage of fault (forty-five percent), for a jury verdict of $13,750 against Walgreen [See Docs. 76 and 77]. The jury heard evidence regarding the events in question beginning on or about November 18, 2004 and found that when Mr. Massi refilled a Ritalin prescription at a Walgreen's Pharmacy, on Lovell Road in West Knoxville, Tennessee, his Ritalin

prescription was incorrectly filled. Instead of receiving his prescription for Ritalin, Mr. Massi received Adderall. The bottle he received had a Ritalin label on it. Mr. Massi consumed the Adderall, thinking it was his prescribed Ritalin. On or about December 12, 2004, Walgreen's Pharmacy called Mr. Massi and advised him he was given the wrong prescription drug. The pharmacy advised Mr. Massi he was given Adderall instead of his prescribed Ritalin. Mr. Massi was advised to bring the remainder of his prescription to the pharmacy and exchange it for the correct prescription. On or about December 13, 2004, Mr. Massi returned to Walgreen to exchange his prescription and pick up his correct prescription of Ritalin. Mr. Massi suffered injuries as a result of taking the incorrect medication.

## II. Discussion

While Mr. Massi's motion is entitled "Motion for New Trial", it is plain that it is in fact a motion for relief from judgment made under Fed.R.Civ.P. 60(b). Mr. Massi refers to Rule 60 in his motion. Furthermore, more than ten days have passed since the Court awarded the judgment from which Mr. Massi seeks relief, so the motion cannot be considered as one for a new trial or to alter or amend the judgment under Fed.R.Civ.P. 59. The Court will consider this motion, then, as one under Rule 60(b).

Under Rule 60, a court has discretion to provide relief from a judgment or order upon a showing of cause within a reasonable time. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representation from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which

> by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from the judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. Allied Signal, Inc., 250 F.3d 381, 384 (6th Cir. 2001). Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).

Rule 60(b)(3) is the lineal descendant of the equity rule that a court may alter or annul, because of fraud or undue influence its own judgment, see Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-45 (1944), but only if the fraud or undue influence is proved by clear and convincing evidence. Herman & MacLean v. Huddleston, 459 U.S. 375, 388 n. 27 (1983); see also Nagarajan v. Scheick, 2001 WL 278256, *1 (6th Cir. Mar. 16, 2001) (citing Simons v. Gorsuch, 715 F.2d 1248, 1253 (7th Cir. 1983)). Furthermore,

> Fraud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of

5

>adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

Demjanjuk v. Petrovsky, 10 F.3d 338, 352 (6th Cir. 1992) (internal quotation omitted).

>Fraud on the court is conduct: (1) on the part of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) that is a positive averment or a concealment when one is under a duty to disclose; (5) that deceives the court.

Workman v. Bell, 227 F.3d 331, 336 (6th Cir. 2000).

In this case, Mr. Massi asserts Walgreen committed three different acts of fraud against the Court. First, Mr. Massi contends Davonna Foley, a pharmacist for Walgreen, committed fraud when she testified Mr. Massi never returned his incorrectly filled prescription bottle to Walgreen. Mr. Massi further contends Walgreen committed fraud by creating four false labels and presenting them during trial as well as presenting two photographs during trial that were misrepresentations of the generic pills Adderall and Ritalin. Finally, Mr. Massi contends Walgreen committed fraud in their response to his motion for a new trial. As support for his claims, Mr. Massi submitted two affidavits [Docs. 87 and 94] based upon his "personal knowledge" [Doc. 94]. Each allegation of fraud will be discussed in turn.

### A. *Davonna Foley's Claim that Mr. Massi Never Returned His Incorrectly Filled Prescription Bottle*

Mr. Massi's first assertion of fraud is that Davonna Foley ("Ms. Foley") falsely testified he never returned his incorrectly filled prescription bottle to the Walgreen's pharmacy when asked to do so by her. Mr. Massi claims the evidence proves he returned his prescription bottle to the pharmacy and further claims Ms. Foley gave this false testimony in exchange for a promotion and an increase in her salary. Walgreen, in response, argues Ms. Foley testified at trial that Mr. Massi

6

did not return his prescription bottle and submits an affidavit prepared by Ms. Foley again denying Mr. Massi's assertion and affirmatively stating that the original prescription bottle was never returned to her. Walgreen also denies the allegation that Ms. Foley received a promotion and pay raise in exchange for providing false testimony.

A Rule 60(b)(3) motion may be granted where the court is "reasonably well satisfied that the testimony given by a material witness is false; that, without it, a jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given; and was unable to meet it or did not know of its falsity until after the trial." Davis v. Jellico Community Hosp. Inc., 912 F.2d 129, 134 (6th Cir. 1990) (internal quotations omitted).

In this case, Mr. Massi concedes one week after he filed his lawsuit, "Walgreen Attorney [James Harrison], announced that the Plaintiff never returned the original prescription when Plaintiff picked up his correct prescription." [Doc. 87 at 3]. Accordingly, Mr. Massi was provided notice prior to trial that Walgreen claimed he never returned the original prescription bottle; thus, Mr. Massi was not "taken by surprise when the [alleged] false testimony was given" nor was he "unable to meet it" nor did he learn of its alleged "falsity until after the trial." Davis, 912 F.2d at 134. Furthermore, Ms. Foley's affidavit explains that she filled out the STARS report on December 12, 2004, the day before Mr. Massi came to the pharmacy to pick up the correct prescription, and that on December 12, 2004, she selected "yes" in response to the question "Patient Returned Incorrect Medication" on the STARS report, "in anticipation that Mr. Massi would return the medication vial, but, in fact, he refused to do so." [Doc. 88-3 at 3]. Her affidavit further explains how she corrected the information once it was clear Mr. Massi would not return the original prescription bottle by noting follow-up action and removing the notation "[i]ncorrect prescription quarantined, Correct

7

prescription filled" [Doc. 88-3 at 3; Doc. 87 at 10] to reflect that Mr. Massi did not return the prescription. Moreover, Scott Leslie, District Pharmacy Supervisor, ("Mr. Leslie") stated in his affidavit that he attended Mr. Massi's deposition on June 8, 2006, at which he heard Mr. Massi state that he returned the original medication bottle [Doc. 88-4 at 2]. Mr. Leslie further states he returned to the pharmacy to personally look for Mr. Massi's medication bottle but could not find it [Id.]. Accordingly, this Court finds nothing to suggest Ms. Foley gave false testimony when she stated Mr. Massi never returned his original prescription bottle. In fact, two affidavits suggest the contrary of Mr. Massi's conclusory assertion that he did in fact return the original prescription bottle. Thus, Mr. Massi has not met his burden of showing clear and convincing evidence that Ms. Foley provided false testimony regarding whether he did not return his original medication bottle. Therefore, he is not entitled to relief under Rule 60(b)(3).

In regard to Mr. Massi's claim that Ms. Foley gave false testimony in exchange for a promotion and higher salary, the Court again finds Mr. Massi has not met his burden. The Court finds Mr. Massi's affidavit which asserts that Walgreen "solicited" Ms. Foley to give false testimony by promising her a promotion [Doc. 87 at 12-14], is negated by the affidavits submitted by both Ms. Foley and Mr. Leslie. Ms. Foley's affidavit states her "salary did not change" when she transferred from the Lovell Road location to the Peters Road location nor did she receive any "monetary enticement" for her testimony [Doc. 88-3 at 4]. Mr. Leslie's affidavit corroborates that Ms. Foley did not receive a pay increase when she transferred to the Peters Road location nor did Walgreen withhold pay or promote Ms. Foley based upon the testimony she provided at trial [Doc. 88-4 at 5]. While Mr. Massi's affidavit contradicts the affidavits submitted by Walgreen and creates a conflict in the evidence, it alone does not constitute clear and convincing evidence of fraudulent conduct on

Walgreen's part. See Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (1st Cir. 2002); McLawhorn v. John W. Daniel & Co. Inc., 924 F.2d 535, 538 (4th Cir. 1991) (upholding the District Court's finding that affidavits submitted by plaintiff stating not all documents were provided during discovery did not constitute clear and convincing evidence of fraud in light of defendant's in-house counsel submitting an affidavit swearing plaintiff had been given all the documents requested).

### B. *Walgreen Presented Fraudulent Labels and Photographs at Trial*

Mr. Massi contends Walgreen fraudulently created four labels that were presented to the Court as Exhibit 21 and claims there are a total of fifty-three errors on the four labels that comprise Exhibit 21. Mr. Massi further contends Walgreen fraudulently submitted into evidence two photographs that were misrepresentations of the generic drugs Ritalin [Ex. 61] and Adderall [Ex. 71].

Walgreen, in response to Mr. Massi's allegations regarding the fraudulently created labels, submitted an affidavit prepared by Mr. Leslie, which states when he reprinted the label for prescription number 757139-03955, the prescription filled on December 12, 2004, in the spring time of 2006, it was daylight savings time. Walgreen also submitted an affidavit prepared by Jill Bosch, Walgreen's Custodian of Records, ("Ms. Bosch") stating that when a label is reprinted on the Walgreen's computer system that a time originally shown as standard time will be printed as daylight savings time, if printed after the time change in March of any year. Walgreen thus asserts the difference of one hour in time between the original label, which was not offered as evidence during the trial, and the reprinted label, which was offered as evidence during trial, is explained by these two affidavits. In regard to Mr. Massi's argument that the label introduced at trial is fraudulent because the original label has the initials "RAB" and "DKB" listed on it, whereas the original label

9

only has the initials "DKF", Walgreen relies on the affidavits of Mr. Leslie and Ms. Foley, which detail the change in the Walgreen computer system in 2005, and the affidavit of Ms. Bosch, which explains that initial changes are made in the computer system after the marriage of a female pharmacist, in this case, Ms. Foley. In response to Mr. Massi's allegations that Walgreen offered two photographs into evidence that were misrepresentations, Walgreen contends the same photographs offered during evidence at trial were shown to Mr. Massi at his deposition [See Doc. 15-5 in case 3:07-cv-346]. Furthermore, Walgreen contends the photographs offered as exhibits match the description placed on the labels which were attached to the prescription vial and that testimony was received during trial which stated the photographs were accurate representations of the Adderall Mr. Massi received by mistake and the Ritalin he had been receiving from Walgreen.

In regard to Mr. Massi's claim that Walgreen fraudulently created four labels and presented them to the Court as evidence, the Court finds Mr. Massi has not shown, by clear and convincing evidence, that Walgreen has engaged in conduct which is "intentionally false, wilfully blind to the truth, or is reckless disregard for the truth." Workman, 227 F.3d at 336. Again, the Court is confronted with Mr. Massi's allegations, supported by his affidavits, which are rebutted by Walgreen in multiple affidavits prepared by Walgreen's employees. Mr. Massi's conclusory allegations of fraud are not sufficient to overcome his burden in light of Walgreen providing reasonable explanations for the differences between the original label, printed on December 12, 2004, and the reprinted label, printed in the spring of 2006. [See Doc. 88-6 at 3, explaining the reprinted label was reprinted on daylight savings time whereas the original label was printed on standard time; Doc. 88-3 at 7-8, explaining Ms. Foley, when filling the original prescription was not married, thus her initials in the computer system were "DKB", but when the label was reprinted, she

was married, thus her initials in Walgreen's computer system were "DKF"; Doc. 88-4, explaining "[o]nce a prescription label is printed, processed and scanned through the cash register, no employee of Walgreen Co. can change the prescription information on the label. ... The only thing that can be done is reprint a duplicate label of the medication previously dispensed."]. Accordingly, Walgreen has sufficiently explained why a reprinted label was presented as evidence during trial and why certain notations were different on the reprinted label prepared for trial.

Mr. Massi's argument that Walgreen committed fraud by submitting two fraudulent photographs is also without merit. The evidence set forth by Walgreen shows the photographs submitted into evidence were used during pretrial litigation and disclosed to Mr. Massi pursuant to Fed.R.Civ.P. 26(a)(3) prior to trial [Doc. 15-2 in 3:07-cv-346 at 5]. Additionally, the evidence supports Walgreen's contention that Mr. Massi [Doc. 88-2], as well as Robert Richesin, staff pharmacist for Walgreen [Doc. 88-5 at 2; 9; 12] were shown these photographs at their depositions. See also Doc. 15-2 in 3:07-cv-346 at 3 (affidavit of Walgreen's attorney James Harrison stating the photographs of 20 mg. generic Adderall or D. Amphetamine Salt Combo and 20 mg. generic Ritalin or Methyphenidate were introduced as an exhibit to Mr. Massi's deposition and later introduced at trial as Exhibit 71 and 61, respectively). Furthermore, Mr. Massi's claim that Mr. Richesin stated in his deposition that generic Ritalin and generic Adderall "were virtually identical" [Doc. 87 at 37], does not account for Mr. Richesin's previous identification of the specific photographs used during trial and his statement during his deposition that Mr. Massi's Ritalin was "peach" in color [Doc. 88-5 at 11]. Again, the Court is faced with conflicting affidavits; however, upon review of the information submitted by both parties, the Court finds Mr. Massi has not met his burden in establishing that the photographs submitted were fraudulent.

### C. Walgreen's Pleadings Exhibit Further Fraud on the Court

Mr. Massi's final contention of fraud results from Walgreen filing a response to his motion for a new trial. Mr. Massi argues Walgreen yet again committed fraud upon the Court by attempting "to prove the false and fraudulent materials used in the [first] fraud and [second] fraud were factual" [Doc. 94 at 2]. Mr. Massi contends Walgreen submitted additional fraudulent affidavits, claims, and statements as well as shuffled some of the exhibit numbers in order to make their version of the facts more plausible. Walgreen did not respond to Mr. Massi's reply brief.

With regard to Mr. Massi's contention that Walgreen continues to submit fraudulent information in the form of affidavits, the Court finds his evidence fails to establish that the affidavits of Mr. Harrison and multiple Walgreen's employees are false or misleading. The mere fact that these affidavits are in conflict with the affidavits he submitted does not establish that defendant's affidavits must be false, especially given that Walgreen continues to affirm that their affidavits are true. In the absence of compelling evidence of fraud, which does not exist in this instance, a Rule 60(b)(3) motion based upon an allegedly false affidavit will be granted only if the affiant either explicitly or implicitly concedes that the affidavit was untrue. See Estate of Murdoch v. Commonwealth of Pennsylvania, 432 F.2d 867, 870 (3d Cir. 1970). In Estate of Murdoch, the Third Circuit Court of Appeals held that the denial of a Rule 60(b)(3) motion was an abuse of discretion when the defendant implicitly conceded the falsity of an affidavit by failing to controvert evidence that it had made material misrepresentations in that affidavit. Id. In contrast, Walgreen continues to explicitly assert the truth of their affidavits. Compare Jordan v. Paccar, Inc., 1996 WL 528950, *10 (6th Cir. Sept. 17, 1996) (finding, given the facts of the case, fraud and misrepresentation at issue in light of defendant deliberately giving false answers to interrogatories, which "threw"

plaintiff off from discovery for over two years and then seven months before trial, defendant corrected its false answer and interposed a "baseless objection to turning over information"). Therefore, this Court concludes that Mr. Massi has failed to establish that the affidavits provided by Walgreen constituted fraud or other misconduct so as to justify granting his motion for reconsideration under Rule 60(b)(3).

III. Conclusion

For the reasons listed above, the Court finds Mr. Massi failed to meet his burden under Fed.R.Civ.P. 60(b)(3). Accordingly, Mr. Massi's Motion for a New Trial **[Doc. 86]** is **DENIED**.

**IT IS SO ORDERED.**

                                                 **ENTER:**

                                                 <u>s/ H. Bruce Guyton</u>
                                               United States Magistrate Judge